**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62558-KUNTZ**

**RESENDIZ MARTINEZ,**

Plaintiff,

v.

**MULLIN,** *et al.*,

Defendants.

___________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Respondents' Return to Writ of Habeas Corpus [ECF 5], filed on October 1, 2026. Earlier, the Court received a Petition for Writ of Habeas Corpus [ECF 1], filed on September 15, 2026 by Crisantos Resendiz Martinez, and as such, the Court ordered the government to show cause why the Petition should not be granted [ECF 3]. After a careful review of the Petition, Response, and applicable law, the Petition is **DENIED**.

Petitioner is a fifty-four-year-old Mexican national, who entered the United States on or around February 10, 2005 without inspection [ECF 1 at page 7]. Effectively, he has largely lived in the country without conforming to American immigration law for about two decades, as he has failed to secure any documentation to support his stay in the United States. *Id* at 21. Notably, almost twenty years after crossing the border in Texas, he first applied for asylum on September 12, 2024. *Id.* at 23.

Yet, at any rate, the petitioner appears to have mostly avoided running into law enforcement, until his traffic incident on February 25, 2025. *Id*. To that end, under Fla. Stat. § 322.03(1), Martinez entered a plea of *nolle prosequi* for driving without a license on September 19, 2025. *Id.* at 23. However, less than a year later, the Department of Homeland Security executed an arrest warrant against him, whom Immigration and Customs Enforcement (ICE) took into custody the same day [ECF 5 at page 1]. While the Petition seeks the petitioner's immediate release, it is improper at this time without any attempt to exhaust remedies [ECF 1 at page 35].

Under U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Such a writ is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (internal quotation marks omitted). According to § 2241(c)(3), a petitioner who demonstrates unlawful detention under the Constitution or federal law may thus receive immediate release. The Court has jurisdiction over immigration-related challenges to custody. *See Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

Even so, a petitioner must generally exhaust available administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although not a jurisdictional requirement, a federal court may not overlook the failure to exhaust and grant relief on the merits where respondents properly assert the defense. *Id.* at 474-75. In this case, it appears that the petitioner has yet to exhaust any administrative remedies, since he has not requested a bond

hearing to date [ECF 5 at page 2]. Importantly, there are also removal proceedings scheduled for tomorrow before the Immigration Court. *Id.*

Overall, federal regulations require such a hearing before an immigration judge and not this Court. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527, 141 S. Ct. 2271, 210 L. Ed. 2d 656 (2021) (following Section 1226, "DHS may arrest and detain the alien 'pending a decision on whether the alien is to be removed from the United States.'"); *see also McGee v. Warden*, 487 F. App'x 516, 518 (11th Cir. 2012) ("Because [the petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition.").

Simply put, the petitioner may receive a bond hearing before an immigration judge to challenge his detention. But absent the exhaustion of his administrative remedies, the Court declines to grant discretionary relief for the alleged violations of the Constitution and federal law. *See Hernandez v. Warden, Krome Serv. Processing Ctr.*, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026); *see also Withrow v. Williams*, 507 U.S. 680, 716-19 (1993). Separately, the Petition also neglects the identity of the petitioner's "immediate custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Namely, "when petitioned to interfere with the workings of the State of Florida or another branch of federal government, the Court's role is to first neutrally determine if the petitioner has complied with threshold legal requirements…[and o]ne of those requirements is that the petitioner must clearly and unequivocally allege the identity of his immediate custodian at the relevant

time, and name that individual as the respondent. Failing to satisfy that requirement, the Petition is due to be dismissed." *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264 AGM-DCI, 2026 WL 327639, at *6 (M.D. Fla. Feb. 8, 2026). Accordingly, it is

**ORDERED AND ADJUDGED** that the **Petition [ECF 1]** is **DENIED**. Further, the Clerk must **CLOSE** this case in accordance with this Order, and any pending motions are **DENIED** as moot.

**DONE** in Fort Lauderdale, Florida on this 6th day of October 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record